IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JOBRI, L.L.C., )
 )
       Plaintiff and )
       Counter- )
       Defendant, )
 )
v. ) Case No. CIV-09-296-KEW
 )
SELECT COMFORT CORPORATION, )
 )
       Defendant and )
       Counter- )
       Plaintiff. )

**OPINION AND ORDER**

    This matter comes before the Court on Defendant's Motion in Limine to Exclude "Motive" Evidence filed July 19, 2010 (Docket Entry #77) and Defendant's Motion in Limine to Exclude Evidence of Already-Dismissed and Undisclosed Claims for Damages filed August 25, 2010 (Docket Entry #106). In the former Motion, Defendant seeks to exclude evidence as to its motivation for cancelling the contract between the parties. Defendant contends the case is entirely governed by the Uniform Commercial Code and whether it had the right to cancel the contract rather than whether it had a motive to cancel it.

    This Court agrees that one of the primary issues in this action is whether Defendant had a right to anticipatorily repudiate the contract between the parties on the basis of Plaintiff's inability to provide a motor from a specific manufacturer.

Necessarily, the basis for the anticipatory repudiation is essential to determining whether Defendant had the right to do so. If the termination of a contract was wrongful – that is, the termination was in contravention of the terms of the contract, it would constitute an anticipatory repudiation. *See*, <u>Osborn v. Commanche Cattle Indus. Inc.</u>, 545 P. 2d 827, 830 (Okla. Ct. App. 1975). To that end, Plaintiff will be permitted to introduce evidence as to the basis given by Defendant at the time of the termination of the contract and a certain degree of the facts surrounding the termination, including Defendant's ability to perform under the agreement.

Defendant also requests that evidence regarding Plaintiff's alleged lost venture capital, lost opportunity costs, lost profits, travel expenses, and other incidental damages. Defendant contends these elements of damage have been dismissed by virtue of this Court's order on Defendant's summary judgment motion. In response, Plaintiff only addresses the $300,000.00 deposit it paid to B & M for the continued production of the bed foundations. Plaintiff asserts this amount is classified as a "cost reasonably incurred" as that term is used in Okla. Stat. tit. 12A § 2-708(2).

In the briefing on Defendant's summary judgment motion, Plaintiff argued its lost venture capital was recoverable as damages in this action. Plaintiff asserted it was required to seek

and obtain some $450,000.00 – an amount which included the $300,000.00 paid to B & M as a deposit. This Court determined lost venture capital was not recoverable in this case. Plaintiff now reconfigures its characterization of the same damages, or at least $300,000.00 of it, as costs reasonably incurred. Plaintiff is not asserting a new claim which may require additional discovery for Defendant but rather is attempting to circumvent the restrictions on damages stated in this Court's order on summary judgment. Plaintiff never made this same contention in the summary judgment briefing and, according to Defendant, never characterized these same damages as anything but lost venture capital or, in pretrial disclosures, as "pre-production costs." In truth, providing the $300,000.00 in capital was not contemplated by the original agreement between the parties and only arose later when Defendant was unable or unwilling to front the entire $1,000,000.00 demanded by B & M. As such are the facts, it is impossible to conceive of the amount paid by Plaintiff as "costs reasonably incurred" under Okla. Stat. tit. 12A § 2-708(2) or as a cost at all. A "cost reasonably incurred" has been defined as "an amount equal to what he (the seller) has expended for performance of the contract that will now be valueless." Nobs Chemical, U.S.A., Inc. v. Koppers Co., Inc., 616 F.2d 212, 216 (5th Cir. 1980)(citation omitted). The amount expended by Plaintiff was not necessary for the

3

performance of the contract under its terms. As a result, Plaintiff will be bound by its original characterization of the damages in the summary judgment briefing and will be barred from seeking these damages in the remaining claims in this action at trial.

IT IS THEREFORE ORDERED that Defendant's Motion in Limine to Exclude "Motive" Evidence filed July 19, 2010 (Docket Entry #77) is hereby **DENIED** as explained herein.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Exclude Evidence of Already-Dismissed and Undisclosed Claims for Damages filed August 25, 2010 (Docket Entry #106) is hereby **GRANTED** as explained herein.

IT IS SO ORDERED this 7th day of October, 2010.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE