IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOBRI, L.L.C., | ) | |
| | ) | |
| Plaintiff and Counter-Defendant, | ) ) ) | |
| | ) | |
| v. | ) | Case No. CIV-09-296-KEW |
| | ) | |
| SELECT COMFORT CORPORATION, | ) ) | |
| | ) | |
| Defendant and Counter-Plaintiff. | ) ) ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendant's Renewed Motion for Directed Verdict and Judgment as a Matter of Law, Motion for New Trial (Docket Entry #165). Upon review and consideration of the briefs submitted by the parties, this Court renders this ruling.

Defendant and Counterclaim Plaintiff Select Comfort Corporation ("Select") seeks a judgment as a matter of law in accordance with Fed. R. Civ. P. 50(b) with regard to its claims for promissory estoppel and breach of contract, stating the jury's verdict cannot be supported. Additionally, Select contends the jury's award of zero damages on its claim for restitution is not supported by the evidence. Alternatively, Select asserts it is entitled to a new trial pursuant to Fed. R. Civ. P. 59(a) as the verdict was against the weight of the evidence and was tainted by

Jobri, LLC's ("Jobri") counsel's misconduct by introducing evidence of the ultimate destination for the payments made by Select to Jobri to Beds & Mo(o)re.

The standard on a Rule 50(b) motion requires that this Court view the evidence in the light most favorable to Jobri, L.L.C. ("Jobri") as the non-moving party and grant the motion "only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party for whom the jury found." Ensminger v. Terminix International Co., 102 F.3d 1571, 1573 (10th Cir. 1996) citing Zimmerman v. First Federal Savings & Loan Ass'n of Rapid City, 848 F.2d 1047, 1051 (10th Cir. 1988); *see also*, Tyler v. Re/Max Mountain Estates, 232 F.3d 808, 812 (10th Cir. 2002)("Judgment as a matter of law is appropriate 'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.'"). The court cannot weigh the evidence, pass on the credibility of witnesses or substitute the court's conclusions for those of the jury. Harold Stores, Inc. v. Dillard Dept. Stores, Inc., 82 F.3d 1533, 1546 (10th Cir. 1996) citing Magnum Foods, Inc. v. Continental Casualty Co., 36 F.3d 1491, 1503 (10th Cir. 1994). However, the moving party is entitled to judgment as a matter of law if "there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."

Id. at 1546-47.

Select also requests a new trial on essentially the same basis that it seeks judgment as a matter of law and adding the assertion that Jobri's counsel's misconduct entitles it to a new trial. A court in its sound discretion is empowered to grant a party a new trial upon proper showing. Fed. R. Civ. P. 59(a); McHarque v. Stokes Div. of Pennwalt Corp., 912 F.2d 394 (10th Cir. 1990); United States v. Maestas, 523 F.2d 316 (10th Cir. 1975); Community National Life Insurance Company v. Parker Square Savings & Loan Association, 406 F.2d 603 (10th Cir. 1969). Courts generally disfavor new trials and exercise great caution in granting them. United States v. Troutman, 814 F.2d 1428 (10th Cir. 1987); United States v. Gleeson, 411 F.2d 1091 (10th Cir. 1969); United States v. Allen, 554 F.2d 398 (10th Cir. 1977); United States v. Maestas, supra. A new trial cannot be granted merely because the Court or a different jury would have weighed the evidence differently and reached a different conclusion. See Markovich v. Bell Helicopter Textron, Inc., 805 F.Supp. 1231, 1235 (E.D. Penn. 1992) *aff'd.*, 977 F.2d 568 (3rd Cir. 1992). It is against this legal backdrop that Select's claims of error are cast.

Select first contends it is entitled to judgment as a matter of law on its promissory estoppel claim. On August 3, 2009, Jobri initiated this action for breach of contract, seeking damages in

the amount of $1,508,165.00. As stated in the Complaint, this amount is comprised of $460,600.00 in constructed beds, testing, obtaining venture capital, completing graphics, and other marketing materials. The remaining $1,047,565.00 represents the amount Select Comfort would have paid under the three purchase orders for the foundations ordered. On October 6, 2009, Select Comfort counterclaimed for breach of contract, promissory estoppel, and unjust enrichment requesting, *inter alia*, judgment for the $700,698.00 it prepaid under the agreement of the parties.

This matter was tried to a jury in October of 2010. The jury found in favor of Jobri on Select's claims for breach of contract and promissory estoppel and in favor of Select on its claim against Jobri for restitution, but the jury awarded zero damages. Jobri's claims had been dismissed prior to the commencement of the jury trial. After the presentation of evidence but before the submission of the case to the jury, judgment as a matter of law was entered in favor of Jobri on Select's claim for unjust enrichment.

With regard to Select's claim for promissory estoppel, Select contends the undisputed testimony and evidence from trial indicated Jobri had promised to provide Okin motors in the bed frames supplied to Select. While evidence was presented that the Okin motor was the desired device for the frames, other evidence suggested the Okin motor might not be available and that an

4

alternative motor could be utilized if necessary. Indeed, Beds & Mo(o)re specifically identified such a motor in its dealings with Select. Further, the Purchase Order governing the manufacture and supply of the bed frames with motors was not cancelled by Select, even when it was informed that an alternative motor would be used, but rather only did so when an alternative manufacturer was obtained. This Court cannot conclude that the jury's verdict was against the weight of the evidence on this claim or that the evidence is susceptible to no reasonable inferences which would lead to a verdict in favor of Select.

Similarly, the jury's determination on Select's claim for breach of contract finds a basis in the evidence presented at trial. Select contended that Jobri breached the agreement between the parties to supply the beds by failing to include the Okin motor. As stated in regard to the prior claim, the evidence could have lead the jury to a reasonable inference that alternative motor could be used. Additionally, Select asserts it should have been awarded the $700,000.00 it paid as "reliance damages." The evidence was certainly disputed as to (1) which party might have been in breach of the contract based upon the reasons provided by Select for the cancellation of the contract; and the purpose for the $700,000.00 payment. This Court cannot find the jury could have found but one way as adduced from the evidence or that the

5

ultimate verdict was not supported by reasonable inferences from the evidence in finding in favor of Jobri.

Select next asserts that the jury's failure to award damages on the restitution claim found in its favor is not supported by the evidence. Select contends it was entitled under the restitution damages allowed by statute under Okla. Stat. tit. 12A § 2-718 to $700,000.00 less $500.00. As the jury was instructed, any restitution amount would be required to be reduced by (1) any damages found that Jobri sustained as a result of Select's breach, if any; and (2) the amount or value of any benefits received by Select directly or indirectly by reason of the contract. While the verdict was general in nature and, therefore, it is not possible to completely and accurately discern the jury's basis for its finding of no damages, some evidence in the record could support its conclusion. The jury could have found the parties by agreement had deemed the $700,000.00 non-refundable. Further, the jury could have based its finding upon the benefit Select received by renegotiating the payment terms with Beds & Mo(o)re. Additionally, Select's stated financial problems in the then-current economic climate in the letter cancelling the contract made the project no longer economically viable according to Select's own admission in the correspondence. This evidence conferred sufficient benefit to offset the award of restitution the jury could have made.

Select also contends the statements made by Jobri's counsel to the effect that the payment of the monies due Select was actually paid to Beds & Mo(o)re was so prejudicial as to warrant a new trial. This Court sustained Select's objection to the statements made by Jobri's counsel. Select made no further request for admonishment to the jury or other remedial action. A new trial based upon attorney misconduct is only appropriate when the moving party is prejudiced by the misconduct. <u>Ryder v. City of Topeka</u>, 814 F.2d 1412, 1424 (10th Cir. 1987). Counsel's statement was not sufficiently prejudicial to warrant a new trial. While the fact Select was never in possession of the funds was entirely irrelevant to the proceedings or Select's ability to recover the funds, the presentation to the jury of the evidence was only minimally prejudicial to Select's case. Select also contends Jobri's counsel repeatedly referenced the basis given by Select for the cancellation of the agreement and that the basis was irrelevant. The references to the reason given by Select was not erroneous or unwarranted.

IT IS THEREFORE ORDERED that Defendant's Renewed Motion for Directed Verdict and Judgment as a Matter of Law, Motion for New Trial (Docket Entry #165) are hereby **DENIED**.

IT IS SO ORDERED this 14th day of December, 2011.

*signature*
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE