IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JOBRI, L.L.C.,                          )
                                        )
            Plaintiff and               )
            Counter-                    )
            Defendant,                  )
                                        )
v.                                      )    Case No. CIV-09-296-KEW
                                        )
SELECT COMFORT CORPORATION,             )
                                        )
            Defendant and               )
            Counter-                    )
            Plaintiff.                  )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for
New Trial and Motion to Alter or Amend Judgment (Docket Entry
#168). Upon review and consideration of the briefs submitted by
the parties, this Court renders this ruling.

Plaintiff and Counterclaim Defendant Jobri, LLC ("Jobri")
seeks a new trial in accordance with Fed. R. Civ. P. 59(a) and, in
regard to the judgment ultimately entered to reflect the jury's
verdict, a request that the judgment be altered to accurately set
forth the jury's verdict in accordance with Fed. R. Civ. P. 59(e).
Jobri requests that a new trial be limited to the level of damages
to which it is entitled on its claims.

A court in its sound discretion is empowered to grant a party
a new trial upon proper showing. Fed. R. Civ. P. 59(a); McHargue
v. Stokes Div. of Pennwalt Corp., 912 F.2d 394 (10th Cir. 1990);

United States v. Maestas, 523 F.2d 316 (10th Cir. 1975); Community National Life Insurance Company v. Parker Square Savings & Loan Association, 406 F.2d 603 (10th Cir. 1969). Courts generally disfavor new trials and exercise great caution in granting them. United States v. Troutman, 814 F.2d 1428 (10th Cir. 1987); United States v. Gleeson, 411 F.2d 1091 (10th Cir. 1969); United States v. Allen, 554 F.2d 398 (10th Cir. 1977); United States v. Maestas, supra. A new trial cannot be granted merely because the Court or a different jury would have weighed the evidence differently and reached a different conclusion. See Markovich v. Bell Helicopter Textron, Inc., 805 F.Supp. 1231, 1235 (E.D. Penn. 1992) aff'd., 977 F.2d 568 (3rd Cir. 1992).

On August 3, 2009, Jobri initiated this action for breach of contract, seeking damages in the amount of $1,508,165.00. As stated in the Complaint, this amount is comprised of $460,600.00 in constructed beds, testing, obtaining venture capital, completing graphics, and other marketing materials. The remaining $1,047,565.00 represents the amount Select Comfort would have paid under the three purchase orders for the foundations ordered. On October 6, 2009, Select Comfort counterclaimed for breach of contract, promissory estoppel, and unjust enrichment requesting, inter alia, judgment for the $700,698.00 it prepaid under the agreement of the parties.

This matter was tried to a jury in October of 2010. Prior to trial, the parties brought matters to the Court's attention which required a series of last minute rulings. Among the issues ruled upon by this Court was the exclusion of evidence of Jobri's alleged commissions - the sole element of damages remaining in their case. Since no written agreement between the parties as to any such commissions existed, Jobri sought to introduce the testimony of Jobri's owner, Brian Gourley ("Gourley"), concerning the level of the commissions. Specifically, Gourley proposed to testify of the out-of-court and unrecorded statements of representatives of Beds & Mo(o)re as to the commissions. Gourley testified in his deposition that the alleged commission "[i]t started at 10 percent . . . but it was somewhere around six or seven percent probably, maybe eight, . . . ." Thereafter, Jobri alleged the commission was actually three percent. This Court concluded and ruled that the proposed testimony regarding the commissions represented hearsay which did not fall within one of the recognized exceptions. Namely, Jobri contended that the testimony represented a statement against the declarant's pecuniary interest and was, therefore, excepted hearsay under Fed. R. Evid. 804(b)(3).

For the statement to fall within this exception by its express terms, (1) the declarant must be "unavailable"; (2) the statement must be "so far contrary to the declarant's pecuniary . . .

3

interest . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true"; and (3) the statement is trustworthy. Fed. R. Civ. P. 804(b)(3). Jobri borne the burden of demonstrating that the declarant was unavailable under Rule 804. _Angelo v. Armstrong World Indust. Inc._, 11 F.3d 957, 963 (10th Cir. 1993) citing _United States v. Eufracio-Torres_, 890 F.2d 266, 269 (10th Cir. 1989), _cert. denied_, 494 U.S. 1008 (1990). Jobri failed to provide evidence of the efforts to obtain the testimony of the declarant in order to establish that he was unavailable. Jobri's attorney stated that Mr. Moore, presumably the declarant, was a German national and, although he had been in the United States on three separate occasions since the dispute in this action began, he had not been served with a subpoena for a deposition. Jobri also did not obtain his statement in Germany. As a result, this Court cannot conclude that the declarant was unavailable since Jobri clearly had an opportunity to obtain his statement.

Under the second requirement of Rule 804(b)(3), Jobri must demonstrate that the alleged hearsay statement was against Beds & Mo(o)re's pecuniary interest to the extent that the statement would not have been made unless it were true. The level of commission fluctuated considerably from various instances of testimony offered by Gourley - from a high of ten percent to a low of three percent.

4

The final figure, according to Gourley, was three percent. While this amount would allegedly have bound Beds & Mo(o)re to pay a commission to Jobri, it was, in fact, a reduced rate from a prior committed amount of ten percent. It is difficult to deem this statement to be of so far against Mr. Moore's interest to constitute a statement against pecuniary interest.

The final element of 804(b)(3) requires trustworthiness of the hearsay statement. The substantive content statement allegedly made by Mr. Moore changed with the progression of this lawsuit and Gourley's recollection. The alleged agreement represented in the statement was never reduced to writing. Consequently, the statement lacked the requisite trustworthiness to permit its admission.

Jobri argues that other evidence indicated the agreement that a commission be paid by Beds & Mo(o)re. The evidence of prior commissions, however, did not pertain to the purchase orders at issue in the trial of the case and still relied largely upon the testimony of Gourley as to the statements of the Beds & Mo(o)re representative.

Jobri also contends it should have been permitted to present evidence to allow it to recover its venture capital of $300,000.00. This argument is in large measure a rehash of the issues briefed and argued in connection with the summary judgment motions filed in

this case. This Court relies upon and adopts its legal reasoning contained in the Opinion and Order issued July 27, 2010 (Docket Entry #88) and the record made at the hearing when the issue was once again raised albeit in a slightly different vernacular.

Jobri also asserts this Court's judgment did not reflect the jury's verdict and it should, therefore, be altered in accordance with Fed. Civ. P. 59(e). A review of the judgment demonstrates it reflects an accurate recital of the jury's verdict.

IT IS THEREFORE ORDERED that Plaintiff's Motion for New Trial and Motion to Alter or Amend Judgment (Docket Entry #168) are hereby **DENIED**.

IT IS SO ORDERED this 14th day of December, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE